FILED

2015 SEP -9 PM 3: 20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:15-cr-366T33 JSS

v.

TONIA BRIGHT

18 U.S.C. § 1349
18 U.S.C. § 1030(a)(2)
18 U.S.C. § 1028A
18 U.S.C. § 981(a)(1)(C)-Forfeiture
28 U.S.C. § 2461(c)-Forfeiture



## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Conspiracy to Commit Wire Fraud)**

#### A. Introduction

At times material to this Indictment:

1. Tonia Bright was a civilian employee of the Tampa Police Department (TPD) working as a community service officer in TPD's District 3 station. As part of her authorized duties, Bright took reports from citizens over the telephone or in person related to any incident not requiring the response of a sworn police officer. In this capacity, Bright had access to local, state, and federal law enforcement databases including the National Crime Information Center or NCIC computerized index, but her use was restricted to the performance of her authorized duties.

2. NCIC was a computerized index of criminal justice information maintained by the Federal Bureau of Investigation available to federal, state, and local law enforcement agencies and other criminal justice employees. The purpose of NCIC was to assist criminal justice professionals apprehend fugitives, locate missing persons, recovery stolen property, and otherwise perform their official duties. NCIC contained personally identifiable information, or PII, including names, dates of birth, and social security numbers of millions of individuals. As an employee of TPD, Bright was provided a secure and individualized user name and password to access NCIC strictly for the purposes of carrying out her official duties.

3. Rita Monique Girven, a.k.a. Rita Monique Newsome, was a resident of Tampa in the Middle District of Florida and friends with Tonia Bright.

4. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including but not limited to a name, social security number, or date of birth.

### B.     The Conspiracy

5. Beginning on an unknown date, but at least from in or around 2009, and continuing through and including at least in or around March 2014, in the Middle District of Florida and elsewhere,

**TONIA BRIGHT,**

the defendant herein, did knowingly and willfully combine, conspire, confederate,

2

and agree with others known and unknown to the Grand Jury, including Rita Girven, to commit wire fraud, that is to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, visual pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### C. Manner and Means of the Conspiracy

6. The manner and means by which the conspirators sought to accomplish the conspiracy included, among other things, the following:

  a. It was part of the conspiracy that the defendant would and did access PII of individuals using a variety of sources, including law enforcement databases such as NCIC, despite having no legitimate law enforcement purpose for doing so.

  b. It was further part of the conspiracy that the defendant would and did transmit PII accessible to her from protected law enforcement databases such as NCIC to individuals including Rita Girven that the defendant knew were using that information to commit crimes, including filing false federal income tax returns and identity theft.

  c. It was further part of the conspiracy that the conspirators would and did electronically file and cause others to electronically file fraudulent

federal income tax returns using stolen identities, claiming tax refunds to which they were not entitled. These electronic returns were filed via interstate wire transmissions that were sent from the Middle District of Florida to the Internal Revenue Service's computers and servers located outside the State of Florida.

   d. It was further part of the conspiracy that the conspirators would and did direct that the fraudulently obtained tax refunds be deposited onto reloadable debit cards, including GreenDot and H&R Block cards, issued in the conspirators' names and the names of others, including identity theft victims' names.

   e. It was further part of the conspiracy that the conspirators would and did use the debit cards loaded with fraudulently obtained tax refunds at various retail establishments and ATMs to withdraw the funds and shared in the proceeds.

   f. It was further part of the conspiracy that the conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FIVE
### (Obtaining Information from a Protected Computer)

   7. On or about the dates listed below, in the Middle District of Florida and elsewhere,

**TONIA BRIGHT,**

the defendant herein, intentionally exceeded authorized access to a computer,

and thereby obtained information from a department and agency of the United States, specifically the NCIC database maintained the Federal Bureau of Investigation, which is a part of the United States Department of Justice, and the offense was committed in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States, specifically conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A:

| COUNT | DATE OF UNAUTHORIZED NCIC ACCESS | INFORMATION ACCESSED |
|---|---|---|
| TWO | June 27, 2011 | PII of S.M.E. |
| THREE | July 25, 2011 | PII of A.W.2 |
| FOUR | October 14, 2011 | PII of J.S. and B.S. |
| FIVE | March 13, 2013 | PII of K.F. |

In violation of Title 18, United States Code, Sections 1030(a)(2), 1030(c)(2)(B)(ii), and 2.

## COUNTS SIX THROUGH NINE
### (AGGRAVATED IDENTITY THEFT)

8.  On or about the date listed below, in the Middle District of Florida and elsewhere,

**TONIA BRIGHT,**

the defendant herein, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, and aided and abetted

5

others in the transfer, possession and use, without lawful authority, of a means of identification of another person, specifically PII belonging to each enumerated victim, during and in relation to the felony offenses of Obtaining Information from a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2), and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349:

| COUNT | DATE OF UNAUTHORIZED NCIC ACCESS | PII ACCESSED |
|---|---|---|
| SIX | June 27, 2011 | Name, Date of Birth, and Social Security Number of S.M.E. |
| SEVEN | July 25, 2011 | Name, Date of Birth, and Social Security Number of A.W.2 |
| EIGHT | October 14, 2011 | Name, Date of Birth, and Social Security Number of J.S. and B.S. |
| NINE | March 13, 2013 | Name, Date of Birth, and Social Security Number of K.F. |

In violation of 18 U.S.C. §§ 1028A and 2.

## FORFEITURE

1.   The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.   Upon conviction of the violations of Title 18, United States Code, Section 1349 as alleged in Count One of this Indictment, the defendant,

**TONIA BRIGHT,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to those violations.

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in an amount to be determined representing the total amount of proceeds obtained as a result of the violation.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
AMANDA L. RIEDEL
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

TONIA BRIGHT

## INDICTMENT

Violations:

18 U.S.C. §§ 1349, 1030(a)(2), and 1028A

A true bill,

_____
Foreperson

Filed in open court this 9th day

of September, 2015.

_____
Clerk

Bail $_____